## PERRY v. GRAVES.

1. The declarations of the payee of a note, through whom the plaintiff derives title as indorsee, are not evidence to charge the maker, although his admissions made on a previous day in discharge of the maker, had been given in evidence by the latter—the later admissions not being made in the same conversation as those first spoken of.

Error to the Circuit Court of Pike.

Assumpsit by Graves, as the indorsee of a note payable to one Eaves, against Perry, as its maker. The note is dated 30th December, 1844, payable 1st January, 1846.

At the trial, the defendant having been allowed against the plaintiff's objections, to prove the declarations of Eaves, the payee, in August, 1845, that the note sued on was given for the hire of a servant, which he took from the defendant's possession, before the time of hiring expired, and then had the servant in his own possession. The plaintiff proved he traded for the note before it was due—that the defendant, the day before the note came to plaintiff's possession, told one Lassiter the note was good, and he had no objection to Lassiter's trading for it—and then offered to prove declarations of Eaves, the payee, made in October, 1845, that he and the defendant had a settlement, in which the defendant was satisfied for Eaves' taking the slave from him before the expiration of the hiring.

The defendant objected to these declarations, but the court allowed them as evidence.

The defendant excepted, and now assigns the same as error.

Buford, for plaintiff in error.

No counsel appeared for the defendants in error.

GOLDTHWAITE, J.—It appears the declarations of Eaves, the payee of the note sued on, made on two several

occasions, were admitted by the court as evidence. They were first offered by the defandant to show, either a total or partial failure of consideration in the note; and afterwards by the plaintiff, to show that the matters out of which this supposed failure arose, had been settled between him and the defendant, and satisfaction rendered the latter. It may be, that the defendant himself was improperly allowed to give these admissions in evidence, without other proof that Eaves, at the time of making them, was the holder of the note—a fact which, if made to appear, is not stated in the exceptions —but allowing the court had such evidence, it did not warrant the declarations as against the defendant, who could not be charged in this manner. It may be, the declarations made subsequently, were offered with a view to explain and do away the force of those previously made; but even in this view, they were entirely inadmissible, as they were' not parts of the same conversation, and as he would be directly interested to sustain the right of the plaintiff; and also, on the ground that these declarations were mere hearsay.

Judgment reversed and cause remanded.